IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID A. MACK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CASE NO.   03-CV-428-JPG |
| | ) |
| BUREAU OF PRISONS, et al., | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

**FRAZIER, Magistrate Judge:**

Before the Court are defendants' motions to dismiss (Doc. Nos. 130, 145). Plaintiff challenges the conditions of his federal confinement pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), alleging that the defendants exposed him to a serious risk of harm in violation of the Eight Amendment's proscription against cruel and unusual punishment (Count I) and conspired to expose him to a substantial risk of harm (Count III). Plaintiff also asserts negligence claims pursuant to the Federal Tort Claims Act (FTCA)(Count II) (Doc. No. 122).

Defendants Bowling, Bureau of Prisons, Hawk-Sawyer, Ray, Watts, Lappin, Gilkey, Hershberger, Hughston, and Stiff assert various grounds for dismissal (Doc. Nos. 130, 145). The motions are opposed (Doc. No. 138, 153). Some arguments for dismissal were resolved when an earlier pleading was challenged (Doc. No. 117). Those matters are summarized in this report, but are not reconsidered.

## Rule 12(b)(1) Motion

Defendant Hawk-Sawyer and the Bureau of Prisons challenge some of plaintiff's *Bivens* claims, arguing that the Court lacks subject matter jurisdiction to entertain an official capacity claim against Hawk-Sawyer or a claim against the agency. These defendants assert sovereign immunity.

Rule 12(b)(1) requires a court to dismiss an action when it lacks subject matter jurisdiction. To the extent that plaintiff asserts *Bivens* claims against the Bureau of Prisons and defendant Hawk-Sawyer in her official capacity, the jurisdictional issue has been decided (Doc. No. 117, pp.3-4). Those claims should be dismissed once again for lack of subject matter jurisdiction.

Defendants Bureau of Prisons, Hawk-Sawyer, Ray, Watts, Lappin, Gilkey, Hershberger, Hughston, and Stiff raise a new argument that the Court lacks jurisdiction to consider plaintiff's prayer for injunctive relief, suggesting that there is no longer any case or controversy. In support of this position, they point to a portion of a sentence ("plaintiff appears to be relatively safe at FCI-Butner") included in plaintiff's objection to a recommendation against preliminary injunctive relief. Viewed in context, plaintiff's comment is not a clear admission that the misconduct causing his injuries has ended. Even if the statement is interpreted in that manner, a case or controversy still exists because plaintiff seeks declaratory relief and damages. *Powell v. McCormack*, 395 U.S. 486, 496 (1969).

## Rule 12(b)(2) Motion

Defendants Hawk-Sawyer, Ray, Lappin, Hershberger, Watts, and Stiff seek dismissal for lack of personal jurisdiction. The Court's authority to exercise personal jurisdiction was previously challenged, with a finding that these defendants had forfeited their objection to jurisdiction by actively seeking to have this case transferred from the Middle District of Pennsylvania (Doc. No. 117, pp. 6-7). The issue has been decided (Doc. No. 117, pp. 6- 7).

## Rule 12(b)(6) Motions - Bivens Claims

### I. Eighth Amendment Claims

Defendants Bowling, Bureau of Prisons, Hawk-Sawyer, Ray, Watts, Lappin, Gilkey, Hershberger, Hughston, and Stiff challenge the sufficiency of Count I, plaintiff's Eighth Amendment claim, suggesting that he has failed to state a cause of action. The allegations in plaintiff's Amended Complaint are practically identical to the allegations previously considered. Those allegations are adequate to put these defendants on notice that plaintiff is asserting an Eighth Amendment claim. The issue has been decided (Doc. No. 117, p. 9).

### II. Conspiracy Claims

Defendants Bowling, Bureau of Prisons, Hawk-Sawyer, Ray, Watts, Lappin, Gilkey, Hershberger, Hughston, and Stiff challenge the sufficiency of Count III, plaintiff's civil conspiracy claim, suggesting that he has failed to state a cause of action. The allegations in plaintiff's Amended Complaint are practically identical to the allegations previously considered. Those allegations are adequate under the appropriate federal notice pleading standard. The issue has been decided (Doc. No. 117, pp. 8).

Some of the defendants also argue that plaintiff has not identified the defendants against whom he asserts his conspiracy claim. In response, plaintiff states that his general reference to the defendants is a reference to all the named defendants. This response (Doc. No. 153) should be accepted as a more definite statement identifying Bowling, Bureau of Prisons, Hawk-Sawyer, Ray, Watts, Lappin, Gilkey, Hershberger, Hughston, and Stiff as the defendants named in Count III.

### III. Exhaustion of Administrative Remedies

Defendants Bureau of Prisons, Hawk-Sawyer, Ray, Watts, Lappin, Gilkey, Hershberger, Hughston, and Stiff challenge the sufficiency of plaintiff's efforts to exhaust administrative remedies, suggesting that he should have asked for an administrative remedy before he was assaulted by hostile inmates. This is a new argument; however, it is not developed and is deemed waived. *Kelly v. Municipal Courts of Marion County*, 97 F.3d 902, 910 (7th Cir. 1996)(argument deemed waived when plaintiff failed to offer a coherent legal framework for analysis); *United States v. Eddy*, 8 F.3d 577, 583 (7th Cir. 1993)(inadequately developed arguments are waived).

### IV.   Respondeat Superior

Defendants Hawk-Sawyer, Ray, Herschberger, Lappin, Gilkey, Stiff, and Hughston argue that plaintiff is attempting to proceed against them based on their role as supervisors. Plaintiff argues that his allegations demonstrate a sufficient level of personal involvement. To support his *Bivens* claims, plaintiff must include allegations showing that these defendants were personally involved in the events causing the alleged deprivation of his constitutional rights. *Gossmeyer v. McDonald*, 128 F.3d 481, 494 (7th Cir. 1997).

The Amended Complaint identifies the defendants as follows: Hawk-Sawyer is the director of the Bureau of Prisons; Ray, Hershberger, and Lappin are regional directors; Gilkey and Stiff are wardens; and Hughston is a captain. Plaintiff's allegations are sufficient to suggest that he can demonstrate that Hawk-Sawyer, Hershberger, Gilky, Stiff, and Hughston were personally involved in the alleged Constitutional deprivations. The allegations linking defendants Lappin and Ray to the alleged deprivations appear to be weak; however, plaintiff has suggested that some of the conditions exposing him to a substantial risk of harm were imposed at the direction of or with the

knowledge and consent of these defendants. In other words, the allegations do not rule out the possibility that plaintiff can show that Lappin and Ray knew that he faced a substantial risk of harm and either failed to respond or responded in a manner that was woefully inadequate. The pro se allegations are sufficient to survive a Rule 12(b)(6) motion.

### V.    Qualified Immunity

Defendants Bureau of Prisons, Hawk-Sawyer, Ray, Watts, Lappin, Gilkey, Hershberger, Hughston, and Stiff also argue that they have qualified immunity from an award of damages. Plaintiff argues that he has described egregious misconduct.

In order to resolve this argument, the Court first decides whether the alleged conduct violates a Constitutional right, taking the facts in the light most favorable to plaintiff. If so, the Court considers whether the right was clearly established in the light of the specific context of the case. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

Viewed under this standard, plaintiff's allegations may be summarized as follows. The defendants disregarding a known, substantial risk of harm from hostile inmates when they made some decisions regarding plaintiff's housing assignment. As a result, plaintiff was attacked by hostile inmates on December 22, 2000, and January 5, 2002. He suffered serious injury. Plaintiff has described a viable deliberate indifference to assault claim that was clearly established in December, 2000. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994)(recognizing duty to protect inmates from assault by other inmates).

### VI.   Sovereign Immunity

The defendants argue that they are immune from liability with regard to the portion of

plaintiff's claim that challenges denial of requests for placement in a witness security program. In the Amended Complaint, plaintiff seeks relief, in part, based on a decision not to arrange placement in a witness protection facility (Doc. No. 122, ¶¶ 29, 38, 41, 42, 44, 45, 52, 54, 56, 57, 59, 60). Officers and employees of the United States are not subject to civil liability on account of any decision to not to provide protection under the witness protection program. 18 U.S.C. § 3521(a)(3). The defendants have sovereign immunity against this portion of plaintiff's claim.

## Rule 12(b)(6) Motions - Federal Tort Claims Act Claim

### I.     Proper Defendant

The defendants argue that plaintiff has not named the defendants purportedly involved and has failed to name the United States. In response, plaintiff states that his general references to the "defendants" refer to all of the named defendants. Hence, plaintiff is attempting to assert his FTCA claim against defendants Bowling, Bureau of Prisons, Hawk-Sawyer, Ray, Watts, Lappin, Gilkey, Hershberger, Hughston, and Stiff.

A claim against the United States is plaintiff's sole remedy under the FTCA. 28 U.S.C. § 2679; *Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982). Absent "explicit authorization," a plaintiff may not bring an FTCA claim against an agency or agency employees. *Russ v. United States*, 62 F.3d 201, 203 n. 1 (7th Cir. 1995); *Stewart v. United States*, 655 F.2d 741, 742 (7th Cir. 1981)(there is no cause of action against an employee under the FTCA). Because plaintiff asserts his FTCA claim against improper parties, that claim (Count II) should be dismissed. However, because plaintiff may be able to amend Count II in order to name the United States as a defendant, dismissal should be without prejudice. Additional arguments regarding Count II are not considered at this time.

## Conclusion

IT IS RECOMMENDED that defendant Bowling's motion to dismiss (Doc. No. 130) be DENIED.

IT IS FURTHER RECOMMENDED that the motion to dismiss filed by defendants Bureau of Prisons, Hawk-Sawyer, Ray, Watts, Lappin, Gilkey, Hershberger, Hughston, and Stiff (Doc. No. 145) be GRANTED in part and DENIED in part. These portions of Counts I and III should be dismissed with prejudice: claims against the Bureau of Prisons and defendant Hawk-Sawyer in her official capacity and claims based on a decision not to provide protection under a witness protection program. Count II should be dismissed without prejudice.

**DATED:   March 8, 2006  .**

> *s/Philip M. Frazier*
> **PHILIP M. FRAZIER**
> **UNITED STATES MAGISTRATE JUDGE**